IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| HOWARD THOMPSON, III, #200503217, ) | Civil Action No. 3:06-1407-MBS-JRM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| JOEY PRESTON, ADMINISTRATOR OF ) | |
| ANDERSON COUNTY; ) | |
| ROBERT DALY, DIRECTOR OF ANDERSON ) | |
| COUNTY DETENTION CENTER; ) | |
| ARLETTE JONES, CAPTAIN AT ANDERSON ) | |
| COUNTY DETENTION CENTER; AND ) | |
| NFN ROUNDTREE, NURSE AT ANDERSON ) | |
| COUNTY DETENTION CENTER, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Defendants. ) | |
| ) | |

This action was filed by Plaintiff on May 8, 2006.[1] He is a pretrial detainee at the Anderson County Detention Center ("ACDC"). Defendants are Joey Preston ("Preston"), Robert Daly ("Daly"), Arlette Jones ("Jones"), and NFN Roundtree ("Roundtree"). On August 7, 2006, Defendants filed a motion for summary judgment. Plaintiff, because he is proceeding pro se, was advised on August 14, 2006, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendants' motion for summary judgment with additional evidence or counter-affidavits could result in the dismissal of his complaint. Plaintiff filed a memorandum in opposition to summary judgment on September 22, 2006.

---

[1]All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02 (B)(2)(d), DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the court.

## DISCUSSION

Plaintiff appears to assert that Defendants were deliberately indifferent to his medical needs after he was bitten by a spider at ACDC. He writes:

> On July 2005, I was a victim of a spider bite. Detention Officer Santos was called to A pod on a code 10-19 in reference to a spider in the Recreation Area location. Inmate Anthony Kyle Jenkins and Johnny Ray Gambrell asked the officer in Control Room to let one of them out to kill the spider. Mr. Jenkins informed everyone located in the rest of the 20 man Pod, 2 man cell, that a spider was traveling in the direction to the outside exit. My roommate, Cedric Clinkscales, and I were both watching the television. My roommate was sitting at the foot of his bunk facing the door of the cell. I was lying on the floor at the door looking out of the flap when a spider that was identified post Miranda [sic] to the bite. It made its way onto my arm (right). I felt the hair on my arm move, I glanced to look and the spider was in plain view. I went to hit it to kill it and it went to my forearm and bit me just northeast of my right elbow. I took my sandal off and killed the spider and placed it in a canteen menu sheet. The following morning I wrote a grievance concerning the matter and gave it to the pod officer. When Nurse Roundtree came to give out medication, I showed her the bite. She said "Did you write me a request." I told her, "Yes I did, I also want to see the Doctor," whose name is Dr. Marlo DeCastro. I called my mother and informed her of the incident. A week went by, no response. Two weeks went by, still no response. My arm was swelled up and infected. After a full two weeks with no response, I had to act fast. On the night razors came I pried the razor out and cut the wound. I cut a straight line across the two holes where the spider bit me and I drained the infection and blood out of my forearm into the sink in cell. After I drained my arm I appl[ied] some Antibiotic Bacitvacin Ointment Creme over the cut/wound [and] then placed a bandage over it. I called my mother the following day to inform her that I haven't been seen about the bite and which lead to me cutting the wound. I wrote a total of 4 grievances in a period of one month and one week. The spider is still in my possession and the copies of the grievances.
>
> A scar remains on the right forearm just Northeast of my elbow.

Complaint at 3-4b. Plaintiff requests monetary damages and an investigation of the medical needs of the inmates at ACDC.[2] Complaint at 5. Defendants contend that they are entitled to summary

---

[2]To the extent that Plaintiff is attempting to assert claims for any other residents, his claims fail. See Laird v. Tatum, 408 U.S. 1 (1972). See also Valley Forge Christian College v. Americans United for Separation of Church & State, 454 U.S. 464, 482 (1982); Flast v. Cohen, 392 U.S. 83,
(continued...)

judgment because: (1) Plaintiff failed to exhaust all of his available administrative remedies; (2) Plaintiff failed to state any claim against Defendants Preston, Jones, and Daly; (3) Plaintiff fails to establish a claim for medical deliberate indifference; (4) Defendants are entitled to Eleventh Amendment immunity; (5) Defendants are entitled to qualified immunity; (6) in their official capacities Defendants are not persons under § 1983; and (7) any state law claims should be dismissed as a matter of law pursuant to the South Carolina Tort Claims Act.

    1.    <u>Medical Claims</u>

Plaintiff appears to allege that Defendants were deliberately indifferent to his medical needs. Defendants contend that Plaintiff fails to show that they were deliberately indifferent to any of Plaintiff's serious medical needs.

In the case of <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976), the Supreme Court reviewed the Eighth Amendment prohibition of punishments which "involve the unnecessary and wanton infliction of pain," <u>Id.</u>, quoting <u>Gregg v. Georgia</u>, 428 U.S. 153, 169-73 (1976).[3] The court stated:

---

[2](...continued)
99 (1968)(a district court, when determining whether a plaintiff has standing to sue, must focus on the status of the party who has filed the complaint, such that the merits of the case are irrelevant); <u>Lake Carriers Ass'n v. MacMullan</u>, 406 U.S. 498, 506 (1972); and <u>Hummer v. Dalton</u>, 657 F.2d 621, 625-626 (4th Cir. 1981)(a prisoner cannot act as a "knight-errant" for others). <u>Cf.</u> <u>Oxendine v. Williams</u>, 509 F.2d 1405, 1407 & n. * (4th Cir. 1975)(a <u>pro se</u> prisoner cannot be an advocate for others in a class action); and <u>McNeil v. Guthrie</u>, 945 F.2d 1163, 1164 & nn. 1-2 (10th Cir. 1991).

[3]Medical claims of a pretrial detainee are governed by the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment. <u>See</u> <u>City of Revere v. Massachusetts Gen. Hosp.</u>, 463 U.S. 239 (1983). However, the inquiry as to whether a pretrial detainee's rights were violated under the Fourteenth Amendment is the same as that for a convicted prisoner under the Eighth Amendment (deliberate indifference to a serious medical need). <u>See</u> <u>Martin v. Gentile</u>, 849 F.2d 863, 871 (4th Cir. 1988)(citing <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976)).

> An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met.
>
> * * * * * * *
>
> We therefore conclude that deliberate indifference to serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain," Gregg v. Georgia, supra, at 182-83, 96 S.Ct. at 2925 (joint opinion), proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.

Estelle, 429 U.S. at 103-105. (Footnotes omitted).

Despite finding that "deliberate indifference to serious medical needs" was unconstitutional, the court was careful to note however, that "an inadvertent failure to provide adequate medical care" does not meet the standard necessary to allege an Eighth Amendment violation.

> Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

Estelle, 429 U.S. at 107.

The Court of Appeals for the Fourth Circuit has also considered this issue in the case of Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990). In that case, the court noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness (citations omitted). . . nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." Id. at 851.

The Supreme Court defined "deliberate indifference" in the Eighth Amendment context in Farmer v. Brennan, 511 U.S. 825 (1994). The court held:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. This approach comports best with the text of the Amendment as our cases have interpreted it. The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments." An act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation. The common law reflects such concern when it imposes tort liability on a purely objective basis. [Citations omitted]. But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

Id. at 837-38.

Unless medical needs were serious or life threatening, and the defendants were deliberately and intentionally indifferent to those needs of which he was aware at the time, a plaintiff may not prevail. Estelle, supra; Farmer v. Brennan, supra; Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986).

Plaintiff fails to show that Defendants were deliberately indifferent to any of his serious medical needs. First, Plaintiff fails to show that he had a "serious" medical need. A "medical need is serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir.1980), cert. denied, 450 U.S. 1041 (1981) (quotations omitted).

Even if Plaintiff's medical need was serious, he fails to show that Defendants were deliberately indifferent to those serious medical needs. Plaintiff does not specify on what day in

5

July he was allegedly bitten by the spider. Review of his medical records, however, fails to reveal any problems resulting from an untreated spider bite. Plaintiff was treated by ACDC medical personnel for complaints of neck and lower back pain[4] on July 8, 2005. Neck and lumbar strain were assessed and Naproxen, Ultram, and Flexeril were prescribed. On August 25, 2005, Plaintiff was treated for persistent, but better, lower back pain. An extra mattress and x-rays were prescribed. On August 26, 2005, x-rays of Plaintiff's lumbar spine were unremarkable and x-rays of his thoracic spine showed a mild levocurvature with no evidence of compression fracture, lytic, or blastic lesion. Plaintiff was treated on December 21, 2005, for an infected hang nail. Antibiotics and Ibuprofen were prescribed. Plaintiff was examined on May 11, 2006 for head and neck pain. Naproxen was prescribed. He was treated for a possible urinary tract infection on April 17, 2006. Plaintiff's monthly medication list indicated Plaintiff was given medication three times a day throughout the month of July. Plaintiff's Medical Records (Attachment to Roundtree Aff). Roundtree, a nurse formerly employed by ACDC, states that Plaintiff received nursing and medical care from employees of the ACDC, including receipt of daily medication; he never complained to her about a spider bite, showed her an area where he allegedly sustained a spider bite, or verbally requested medical treatment for a spider bite; and she never saw a scar that was allegedly caused by a spider bite. Roundtree Aff.

    2.    <u>Failure to State Claim/Respondeat Superior</u>

---

[4]Plaintiff arrived at ACDC on May 20, 2005. He was transported to the Anderson County Area Medical Center on June 28, 2005, for complaints of low back pain. It was noted that Plaintiff had a history of scoliosis and chronic back pain. Naproxen and Flexeril were prescribed. Plaintiff's Medical Records (Attachment to Roundtree Aff.)

Defendants Preston, Daly, and Jones contend that Plaintiff fails to state a claim against them and that they cannot be held liable under § 1983 under a theory of supervisory liability. The doctrine of respondeat superior generally is inapplicable to § 1983 suits, such that an employer or supervisor is not liable for the acts of his employees, absent an official policy or custom which results in illegal action.  See Monell v. Department of Social Services, 436 U.S. 658, 694 (1978); Fisher v. Washington Metro Area Transit Authority, 690 F.2d 1133, 1142-43 (4th Cir. 1982). Higher officials may be held liable for the acts of their subordinates, however, if the official is aware of a pervasive, unreasonable risk of harm from a specified source and fails to take corrective action as a result of deliberate indifference or tacit authorization.  Slakan v. Porter, 737 F.2d 368 (4th Cir. 1984), cert. denied, Reed v. Slakan, 470 U.S. 1035 (1985).

Plaintiff has not alleged that Defendants Preston, Jones, or Daly were personally responsible for any of the alleged incidents.  Further, Plaintiff has not shown that these Defendants were deliberately indifferent to, or tacitly authorized, any of these alleged actions or inactions.  Thus, Plaintiff fails to show that Defendants Preston, Jones, or Daly are liable on a theory of respondeat superior or supervisory liability.

3.     Grievances

It is unclear whether Plaintiff is attempting to allege a claim concerning the processing of his grievances.  Allegations that Defendants have not followed their own policies or procedures, standing alone, do not amount to constitutional violations.  See United States v. Caceres, 440 U.S. 741 (1978); see also Riccio v. County of Fairfax, Virginia, 907 F.2d 1459, 1469 (4th Cir. 1990)(if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue); Keeler v. Pea, 782 F. Supp. 42, 44 (D.S.C.

1992)(violations of prison policies which fail to reach the level of a constitutional violation are not actionable under § 1983).

    4.    <u>Immunity</u>

Defendants contend that they are entitled to qualified immunity.[5] The Supreme Court in <u>Harlow v. Fitzgerald</u>, 457 U.S. 800 (1982), established the standard which the court is to follow in determining whether a defendant is protected by qualified immunity.

> Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

<u>Harlow</u>, 457 U.S. at 818.

The Court of Appeals for the Fourth Circuit has stated:

> Qualified immunity shields a governmental official from liability for civil monetary damages if the officer's "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." "In determining whether the specific right allegedly violated was 'clearly established,' the proper focus is not upon the right at its most general or abstract level, but at the level of its application to the specific conduct being challenged." Moreover, "the manner in which this [clearly established] right applies to the actions of the official must also be apparent." As such, if there is a "legitimate question" as to whether an official's conduct

---

[5]Defendants also contend that they are entitled to Eleventh Amendment immunity and that in their official capacities they are to be treated as the State of South Carolina and thus are not subject to suit. When a defendant is sued in his or her official capacity, the suit is frequently intended as one against the state, the real party in interest. If review of the pleadings indicates that the state is, in fact, the party being sued, then a judgment awarding damages is precluded by the Eleventh Amendment of the United States Constitution. Although declaratory and/or injunctive relief may be granted, damages may not be awarded against the state. <u>See</u> <u>Will v. Michigan Department of State Police</u>, 491 U.S. 58 (1989). A determination that the state treasury will be liable for judgment is largely, if not wholly, dispositive of entitlement to Eleventh Amendment immunity. <u>See</u> <u>Gray v. Laws</u>, 51 F.3d 426 (4th Cir. 1995). It is unclear whether Defendants are employees of the state and thus there is insufficient information provided to determine whether they are entitled to Eleventh Amendment immunity.

>   constitutes a constitutional violation, the official is entitled to qualified
>   immunity.

Wiley v. Doory, 14 F.3d 993 (4th Cir. 1994)(internal citations omitted), cert. denied, 516 U.S. 824 (1995). As discussed above, Plaintiff fails to show that Defendants violated his established constitutional or statutory rights. Therefore, Defendants are entitled to qualified immunity in their individual capacities.

     5.     State Law Claims

It is unclear whether Plaintiff is attempting to assert claims under South Carolina law. As Plaintiff fails to show that Defendants violated his rights under federal law (as discussed above), only potential state law claims remain. Thus it is also recommended that, pursuant to 28 U.S.C. § 1367(c)(3), any remaining state law claims be dismissed.

## CONCLUSION

Based upon review of the record, it is recommended that Defendants' motion for summary judgment (Doc. 16) be granted.

                                        Respectfully submitted,

                                        s/Joseph R. McCrorey
                                        United States Magistrate Judge

December 27, 2006
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).